IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STUART WENDELL,

        Plaintiff,                  No. CIV S-10-0638 GGH P

    vs.

F. MATA, et. al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff's original complaint was dismissed with leave to amend on April 1, 2010, and plaintiff has timely filed an amended complaint. This action is before the undersigned pursuant to plaintiff's consent. Doc. 4.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a
9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15 v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A
16 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
17 the reasonable inference that the defendant is liable for the misconduct alleged." Id.

18    In reviewing a complaint under this standard, the court must accept as true the
19 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
20 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
21 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
22 1843 (1969).

23    Plaintiff alleges that he was wrongfully found guilty of resisting staff and battery
24 on staff, a prison disciplinary violation.  Plaintiff states that at the disciplinary hearing he was
25 denied an impartial hearing and the right to present witnesses and was assessed a loss of 150 days
26 of work time credits.  Plaintiff seeks monetary damages.

Plaintiff's amended complaint is essentially the same as plaintiff's original complaint.  In screening the original complaint, plaintiff was informed that pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), plaintiff cannot seek money damages unless the prison disciplinary violation was invalidated, expunged or reversed.  Plaintiff was told he must seek relief in a habeas corpus petition.  The court provided plaintiff an opportunity to amend, noting that it was doubtful the pleading defects could be cured.

In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.

1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by Heck.

Because plaintiff was assessed time credits as a result of the at-issue prison disciplinary violation, his claims implicate the duration of his confinement. Pursuant to Heck, supra, and Edwards, supra, plaintiff cannot seek money damages for the alleged deprivations because the prison disciplinary has not been invalidated, expunged or reversed. Plaintiff must seek this relief in a habeas corpus petition.

In accordance with the above, IT IS HEREBY ORDERED that the complaint is dismissed.

DATED: June 3, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
wend0638.dsm